McCAULEY ex rel. KAW TRIBE OF INDIANS v. UNITED STATES.

Nos. 7–52, 8–52, 9–52.

United States Court of Claims.

July 13, 1953.

John M. Wheeler, Tulsa, Okl., O. R. McGuire, Washington, D. C., Arthur B. Honnold, John M. Wheeler and John M. Wheeler, Jr., Tulsa, Okl., on the brief, for intervenors Joseph L. Cross et al.

Wilfred Hearn, Chevy Chase, Md., George E. Norvell, Tulsa, Okl., Charles L. Tyler, Pryor, Okl., and Dennis Bushyhead, Tulsa, Okl., on the brief, for appellant.

Ralph A. Barney, Oklahoma City, Okl., for appellee.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

LITTLETON, Judge.

In the above styled case Felix McCauley, a member of the Kaw Tribe of Indians on the relation of all members of the Kaw Tribe, represented by a group of attorneys hereinafter referred to as the Hearn Group, filed three cases, Docket Nos. 33, 34, and 35, with the Indian Claims Commission. Shortly thereafter, Arthur B. Honnold, pursuant to a contract entered into by him with a committee of Kaw Indians, purporting to represent the Kaw Tribe of Indians, filed a petition with the Indian Claims Commission, Docket No. 38, on behalf of Joseph L. Cross, et al., on relation of the Kaw Tribe. Cases Nos. 33, 34, and 35, filed by McCauley, were consolidated by the Indian Claims Commission for trial. These cases, in which the claimant McCauley, et al., on relation of the Kaw Tribe were represented by the Hearn Group of attorneys, were heard and determined by the Commission. Findings of fact and an opinion were entered therein September 17, 1951, awarding the claimant a judgment of $2,493,688.75, subject to offsets to be determined under Section 12 of the Rules of the Indian Claims Commission. In its opinion and judgment the Commission dismissed the claim presented by the petition in Case No. 34.

Thereafter, on May 15, 1952, the Commission entered additional findings of fact and an opinion allowing offsets in the total sum of $95,468.73 against the above mentioned award. Felix McCauley the claimant, on behalf of the Kaw Tribe in said cases Nos. 33, 34, and 35, by Wilfred Hearn, et al., as attorneys, brought an appeal to this court to review the findings and decision of the Commission in these three cases.

Subsequent to the filing of the record on said appeal in this court, Arthur B. Honnold, purporting to be the duly authorized and approved attorney of record for the Kaw Tribe of Indians, filed in this court a motion for leave to intervene and to file a motion to dismiss the appeal. The intervening motion to dismiss the appeal, which accompanied this motion for leave to file, was signed on behalf of the "Kansas or Kaw Tribe of Indians" by Joseph L. Cross, who styled himself as "the duly elected, qualified and acting chairman of the Council of the Kansas or Kaw Tribe of Indians"; said intervening motion to dismiss being also signed by Arthur B. Honnold, as the "authorized and approved attorney for the Kansas or Kaw Tribe of Indians."

The record shows that a contract entered into between a committee of Kaw Indians and Arthur B. Honnold, attorney, and a contract entered into by Felix McCauley, and others, on behalf of the Kaw Tribe, with Dennis Bushyhead, attorney, were both approved by the Commissioner of Indian Affairs, 25 U.S.C.A. §§ 81, 82–84.[1] Apparently, although we do not discuss or pass upon this question, the Kansas or Kaw Tribe of Indians had no recognized and existing tribal organization as such.

■ We do not deem it necessary to discuss and pass upon the various contentions made by the Cross and Honnold Group in their motion for leave to intervene and to dismiss the appeal, and the contentions and arguments advanced by the appellant McCauley and the Hearn Group of attorneys under the Bushyhead contract in opposition to the intervening motion to dismiss, for the reason that in our opinion the question of which group of Indians is entitled to represent said tribe is one which should be decided, in the first instance, by the Indian Claims Commission. Apparently, the Indian Claims Commission recognized Felix McCauley as the proper representative of the Kaw Tribe of Indians, and the Hearn Group of attorneys under the Dennis Bushyhead contract as the proper group of attorneys to represent the tribe and, on the record here, we are inclined to the view that the Commission's position was the correct one. But the Commission made no findings, entered no opinion, and made no order or decision specifically with reference to this matter. A number of documents and exhibits have been filed by both parties in connection with the motion filed by Cross and Honnold to intervene and to dismiss the appeal. The court is not in a position and should not undertake, in a case on appeal, to decide in the first instance which group of Indians is entitled to prosecute claims on behalf of the tribe or which group of attorneys having a contract approved by the Commissioner of Indian Affairs is entitled to represent said tribe, without findings, opinion and judgment of the Indian Claims Commission on the matter.

■■ Rule 24 of the Rules of Practice and Procedure of this court, 28 U.S.C.A., has no application to the filing of an intervening petition or a motion to intervene in cases brought by appeal from the Indian Claims Commission. Rule 24 has reference only to cases over which this court has original jurisdiction. The Indian Claims Commission clearly has jurisdiction to determine questions of representation such as are involved in the Honnold motion to intervene.

For the reasons mentioned the entire case, together with the exhibits and briefs filed by both Groups in connection with the motion of Arthur B. Honnold, Attorney for Joseph L. Cross, et al., to intervene, is remanded to the Indian Claims Commission for consideration and decision, and the entry of such findings and opinion as it

---

1. Former 25 U.S.C.A. § 83 is covered by 1948 Revised Criminal Code, 18 U.S.C.A. § 438.

deems warranted. After such further consideration by the Commission, further proceedings by appeal may be had.

It is so ordered.

JONES, Chief Judge, and HOWELL, MADDEN, and WHITAKER, Judges, concur.