*694 ORDER
This matter comes before the court on the motion of Arthur B. Honnold and Joseph L. Cross, on behalf of the Kansas or Kaw Tribe of Indians, for leave to intervene in order to file a motion to dismiss ■ appeals in Dockets Nos. 7-52, 8-52 and 9-52, filed in this court by Wilfred Hearn on behalf of Felix McCauley, a Member of the Kaw Tribe of Indians, on the Relation of all Members of the Kaw Tribe of Indians, said appeals being from judgments entered by the Indian Claims Commission on September 17, 1951, and May 15, 1952, in cases Nos. 33, 34 and 35, filed by Felix McCauley, et al. On July 13, 1953, said cases were remanded to the Indian Claims Commission for findings of fact and the Commission’s opinion on the questions of which group of Indians, i. e., the McCauley group or the Cross group, was entitled to represent the Kaw Tribe of Indians m its claims before the Indian Claims Commission, and which group of attorneys, i. e., the Hearn group or the Honnold group, was entitled to prosecute such claims. [125 C. Cls. 628.]
On June 24, 1954, the Indian Claims Commission issued its findings of fact and opinion, wherein it ruled that Felix McCauley, et til., were entitled to represent the Kaw Tribe of Indians in its claim before the Indian Claims Commission, and that the Hearn group of attorneys was entitled to prosecute such claims; that the Joseph L. Cross group represented by the Honnold group of attorneys was guilty of laches within the meaning of section 10 of the Indian Claims Commission Act in that it had never attempted to properly prosecute all the claims of the Kaw Tribe of Indians before the Indian Claims Commission and was therefore not the proper group to represent the tribe in its claims before the Commission. Said findings and conclusions of the Indian Claims Commission are fully supported by substantial evidence based upon the whole record and are hereby affirmed.
The attorney’s contract entered into on January 30, 1948, between Joseph L. Cross, as Chairman of the Council of the Kaw Tribe, and Arthur B. Honnold, and approved on April 7, 1949, by the Commissioner of Indian Affairs, under which contract the Cross group and Arthur B. Honnold, as attorney, have filed the motion to intervene, provides in part as follows:
*695 “The said attorney, in the performance of the duties required of him under thi9 contract, shall be subject to the supervision and direction of the Commissioner of Indian Affairs and the said Tribe of Indians, party to the first part, and shall not make any compromise, settlement, or other adjustment of the matters in controversy unless with the approval of the Commissioner of Indian Affairs and the said Tribe, party of the first part herein. /Said attorney shall also pursue the litigation in question to and through the oowrt or tribunal of final resort, unless authorized by the Commissioner of Indian Affairs to terminate the proceedings at an intermediate stage thereof.” [Italics added.]
We do not undertake to interpret, for all purposes and circumstances, the meaning of the quoted language. For the purposes of the instant case, in which two groups of attorneys each purport to represent the best interests, if not the wishes, of the tribe, we think the contract provision calls for consultation with the Commissioner of Indian Affairs. He is the official who represents the Government in its capacity as quasi-guardian of the Indians. This court’s task is to determine the merits of the Indians’ claims against the Government. We cannot, in the same proceeding, decide for them or even advise them as to whether or how far they should prosecute their claims.
Accordingly, inasmuch as the motion to intervene for the purpose of dismissing the appeals Nos. 7-52, 8-52, and 9-52, is not accompanied by the necessary authorization of the Commissioner of Indian Affairs, said motion to intervene is defective and
It is ordered, this sixteenth day of February 1955, that said motion of Arthur B. Honnold for leave to intervene and to file motion to dismiss and for other relief, is denied.
By the Court.
Laramore, Judge; Whitaker, Judge; LittletoN, Judge;
In this case, on motions of the attorneys of the appellant, an order was entered February 23, 1955, dismissing the appeals in Nos. 7-52, 8-52, and 9-52.
On March 2, 1955, on motion of the Assistant Attorney General, Mr. Perry W. Morton, the cross-appeals of the United States were dismissed.